**STATE of Missouri, Respondent,**

v.

**Anthony MANGIARACINA, Alias Tony Mag, Appellant.**

No. 48342.

Supreme Court of Missouri, Division No. 2.

Oct. 9, 1961.

Rehearing Denied Nov. 13, 1961.

Roger J. Barbieri, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Ben Ely, Jr., Asst. Atty. Gen., Jefferson City, Missouri, for respondent.

BARRETT, Commissioner.

Anthony Mangiaracina, also known as Tony Mag, has been found guilty of stealing an automobile and his punishment has been fixed at a fine of $1,000 and one year's imprisonment in the county jail. Sections 560.156, 560.161 RSMo 1959, V.A.M.S. Upon this appeal his principal claim is that he is entitled to a judgment of acquittal for the asserted reason that the state's evidence is insufficient to sustain the charge in that there was no proof that he "rendered any assistance either before or at the time" in the actual theft of the automobile. In this connection he claims that at most the state's proof is of assistance to the principal thief after the crime of stealing had been completed and, therefore, he should have been tried as an accessory after the fact (Section 556.180 RSMo 1959, V.A. M.S.), not as a principal or as an accessory before the fact. Section 556.170 RSMo 1959, V.A.M.S. If not entitled to a judgment of acquittal, the appellant contends that he is entitled to a new trial in that the court erred in permitting the admitted thief, Allen, to testify to his actions and conversations with the defendant when there was no proof that he was aware of the thief's felonious purpose or intent or if he did know there was no proof that he "rendered any assistance" to the thief. He also claims that it was error to permit Allen to narrate events and conversations which he says were not in furtherance of a conspiracy and all of which were after the consummation of the theft.

The uncontradicted evidence was that the appellant, Mangiaracina, operated a used car business on Prospect Avenue called T & M Auto Sales. Walter Edward Allen was a mechanic and on a part-time basis was the appellant's employee. On April 30, 1959, Mag and Allen left the used car lot in Mag's automobile and drove out on Main Street hill, Allen got out of the automobile and Mag drove away. Allen immediately walked over to a parked 1956 four-door Chevrolet sedan, "put a jumper on the ignition system and started it." The doors on the Chevrolet were locked and Allen "broke the glass out" of a front window and drove the automobile directly to the garage on Mag's used car lot. Allen first took the switch out of the Chevrolet and gave it to Mag. He then proceeded to grind off the numbers on the motor and as he was putting another series of numbers on the motor, numbers furnished by Mag, Mag returned with the switch with a key in it. Mag then furnished Allen with a Kansas motor vehicle title to a 1956 Chevrolet bearing the serial number corresponding with the number Allen had placed on the motor. In a day or so Allen, accompanied by a boy who loafed around the used car lot, drove the Chevrolet to Springfield where it was sold at auction, to a purchaser in Pittsburg, Kansas. Finally the Chevrolet was identified by its correct, concealed motor or serial number and recovered by its owner, Davis, who had parked it on the Main Street hill early on the morning of the 29th.

Allen, in testifying to the briefly noted circumstances of the theft, said that he did not remember whether he and the appellant had a conversation as to the purpose of "your going out that morning." He said that he "got out of Tony's car and he (Tony) left" and that he (Allen) "did that," that is stole the automobile. When asked whether someone requested him to take it he said, "Well, I can't answer that either, I don't remember." When asked whether Tony had said anything to him about stealing an automobile as they rode out to the Main Street hill he again replied, "I don't remember." While Allen was a state's witness and unequivocally testified to the indicated facts, he was as evasive as the circumstances permitted. He too was charged with stealing the Chevrolet and his case was pending. In any event, the appellant seizes upon these particular bits of testimony and the fact that he was not present when Allen actually took the automobile

and drove it away and says, "There is no evidence which connects this defendant with the crime in being an actual participant or perpetrator." He urges that there is no proof that he had "procured, counseled or commanded" Allen to steal the automobile and since his only proved "assistance" was after the completed theft it is argued that he could only be an accessory after the fact, not a principal or an accessory before the fact. Thus the appellant undertakes to establish that the case falls within the rule best illustrated by State v. Mathis, Mo.App., 129 S.W.2d 20, in which it was held that a defendant's mere presence in a store plus her refusal to interfere with, or concealing the fact, and her knowledge and approbation that her companion stole a bracelet and a hat would not sustain her conviction of petit larceny.

■ But even the noted circumstances are subject to other inferences than those the appellant would have drawn. It is true that Mag was not present when Allen attached the "jumper," broke the glass, and actually drove the automobile away. There is no direct testimony that he procured or counseled Allen to steal the Chevrolet (Compare: State v. Erlbacher, Mo., 270 S.W. 277) but the force of the circumstances permit the inference of a "community of unlawful purpose." 22 C.J.S. Criminal Law § 87, p. 255. The inference is permissible from the circumstances that he drove Allen to the place of the theft and the fact that Allen immediately returned to his garage and there began, with Mag's assistance, to alter and conceal the true identity of the automobile and thus complete its theft. This is not to enlarge the offense of stealing, "to appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, *transferring, concealing* or retaining possession of his property." Section 560.156(2) RSMo 1959, V.A.M.S. But this automobile was not stolen for the thief's personal use or to dismantle for the sale of its parts, obviously it was stolen for the purpose of realizing

its utmost commercial value by a sale at auction on a public market in which a paper title and serial or motor numbers now play a necessary and integral part.

Mag furnished Allen with a serial number, he returned the switch with a key and it was no longer necessary to use a jumper, and his garage was a place of storage in which to make alterations of the automobile. It is a fair inference from the evidence that Mag obtained the Kansas title together with its serial numbers from the files of Duren N. Sleyster, a dealer in salvage automobiles. A day or so after the sale at Springfield Mag called the salvage dealer and told him that the police were checking on a car he had bought from the dealer "and the title was messed up on it." He did not tell the dealer that it was he who had caused the police to make the investigation and evidently he was not aware of the fact that the dealer had listed the salvaged car title with the police. When Allen returned from Springfield Mag asked for the check in payment of the automobile but "something was wrong with it, the man said he would send the money in whenever they got it cleared up." Upon receiving this information Mag called the police and reported that he had bought an automobile from Althena M. Cummings (the name on the Kansas certificate of title to the salvage automobile), that the serial number was "okay" but when the car was sold at auction to a Pittsburg dealer some question arose because there was no serial number on the doorpost and payment of the dealer's check was withheld. He requested the policeman to investigate and report to the Springfield auction "so the car would go through and he would get his money back." Instead, the officer checked the police salvage files and it was from the serial number furnished by Mag that he traced the title properly belonging to a salvaged 1956 Chevrolet and not to Davis' automobile.

■ In all these circumstances a conspiracy between Allen and the appellant to

steal the automobile is reasonably inferable and in the particulars noted he was an accessory before the fact (State v. Tripp, Mo., 303 S.W.2d 627), if not an actual participant (52 C.J.S. Larceny § 55(b), p. 846), even though he was not physically present at the initial act of conversion and asportation. Compare State v. Bresse, 326 Mo. 885, 33 S.W.2d 919. Since there was evidence from which a conspiracy to commit the offense of stealing could be found, the conspiracy is deemed to have continued until the proceeds were disposed of or divided. 2 Wharton, Criminal Evidence, Sec. 431, p. 205. "The commission of the crime does not always terminate and mark the accomplishment of the conspiracy which may continue for various purposes—securing and dividing the proceeds, concealment, effecting escape, and matters of that kind." State v. Costello, Mo., 252 S.W. 727, 729.

This view of the case disposes, in effect, of the appellant's claim that the court erred in admitting Allen's testimony in which he detailed what the appellant did and said in consummation of the theft. As indicated, a conspiracy was fairly inferable from all the circumstances, the jury could reasonably find that the appellant and Allen acted in concert with a common purpose and intent. State v. Price, 361 Mo. 1034, 238 S.W.2d 397; State v. Craft, 299 Mo. 332, 253 S.W. 224. In part, the appellant's conduct and statements, as testified to by Allen, permitted the inference of complicity and so had the force of admissions (McCormick, Evidence, Sec. 113, p. 234; 22A C.J.S. Criminal Law § 730, p. 1024), and the acts and declarations of the conspirators in furtherance of the conspiracy were admissible, substantive evidence. 2 Wharton, Criminal Evidence, Sec. 416, p. 178; State v. Harrison, Mo., 285 S.W. 83, 86.

In addition to the points briefed and argued by appellant's counsel, the court has examined "the record before it" and there are no errors with respect to any matter not required to be raised in a motion for a new trial. Sup.Ct. Rule 28.02, V.A.M.R. Whether as an accessory before the fact or as an actual participant and a principal (Section 556.170 RSMo 1959, V.A.M.S.), the indictment appropriately charged the appellant with the offense of stealing. Section 560.156 RSMo 1959, V.A.M.S. The verdict is in proper form and responsive to the charge and the punishment within that prescribed by law. Section 560.161 RSMo 1959, V.A.M.S. There was allocution and the appellant was present throughout the trial. Sup.Ct. Rules 27.08, 27.09. Accordingly, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.